IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EDWIN LAMANGE,

                                                              ORDER

                Plaintiff,

                                                              13-cv-495-bbc

    v.

PREMIER REAL ESTATE MANAGEMENT, LLC,
MONIQUE TIMPSON, CASEY DUFFY
and DOES 1-50,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a proposed civil action for monetary and injunctive relief in which plaintiff Edwin LaMange, who is proceeding pro se, alleges violations of his rights by the owners and managers of his housing complex, defendants Premier Real Estate Management, LLC, Monique Timpson, Casey Duffy and Does 1-50.  Because plaintiff is proceeding without prepayment of costs under the in forma pauperis statute, 28 U.S.C. § 1915, his complaint must be dismissed if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. § 1915(e)(2)(B).

      After reviewing the allegations of plaintiff's complaint, I conclude that he may not proceed at this time because his complaint does not satisfy the requirements of Federal Rule of Civil Procedure 8.  Rule 8 requires plaintiff to plead enough allegations of fact to make a claim

1

for relief plausible on its face. Aschcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Plaintiff's complaint violates Rule 8 because it does not contain enough information about his claims.

Plaintiff alleges in his complaint that he leases an apartment from defendant Premier Real Estate. Defendant Casey Duffy is the president of Premier Real Estate and defendant Monique Timpson is the manager of the apartment complex in which plaintiff lives. Plaintiff says that since moving into his apartment, he has been "subjected to malicious and uncalled for remarks," has been "spit at on at least 4 occasions," has been called a "cracker" and "F_____ Russian man" and has been referred to by other derogatory names. Additionally, Timpson has "slandered his name" to other tenants. He also states that he was given an upstairs apartment, despite his disability and that Timpson frequently parks in the parking spot reserved for people with disabilities. Finally, he alleges that two men entered his apartment without permission and that he is afraid for his safety.

Plaintiff does not identify any particular legal theories in his complaint, though he does state that he believes defendants have discriminated against him. Plaintiff may be attempting to bring a claim under the Fair Housing Act, which prohibits discrimination "in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin," 42 U.S.C. § 3604(b), or on the basis of "a handicap." Id. at § 3604(f)(2). Under the Act, discrimination can include "a refusal to make reasonable accommodations in rules, policies,

practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." Id. at § 3604(f)(3)(B).

Plaintiff says in his complaint that he is Russian and has a disability, so he may be attempting to state a claim for housing discrimination on the basis of his national origin or his disability. However, plaintiff has not alleged sufficient facts from which I can infer that defendants discriminated against plaintiff because of either his national origin or disability. With respect to many of his allegations, plaintiff does not identify who made disparaging statements against him or under what circumstances. He also does not identify who the men were that entered his apartment or whether they were connected to defendants. Defendants cannot be held responsible for the actions of individuals outside their control.

Additionally, although plaintiff complains that he was given an upstairs apartment and that defendant Timpson parks in a spot reserved for those with disabilities, he makes no allegations suggesting this was because of his national origin or disability. He does not allege that any defendant knew about his national origin or disability and, with respect to his upstairs apartment, does not allege whether there were other apartments available.

I will give plaintiff an opportunity to file an amended complaint that provides fair notice to defendants of the claims he is asserting against them. Plaintiff should draft the amended complaint as if he were telling a story to people who know nothing about his situation. This means that someone reading the complaint should be able to answer the following questions:

- What are the facts that form the basis for plaintiff's claims? For example, when did plaintiff move into his apartment? What did he tell defendants about his disability? Did he ask for accommodations?

- What actions did defendant take that violated plaintiff's rights?

- What rights does plaintiff believe were violated?  In particular, why does plaintiff believe he is being discriminated against by defendants?

- What relief does plaintiff want the court to provide?

Plaintiff should identify clearly the facts that form the basis for his claims against defendants and should set forth his allegations in separate, numbered paragraphs using short and plain statements.  Plaintiff should identify clearly what rights he believes were violated and should address each right separately.

Plaintiff may have until August 29, 2013 to submit an amended complaint.  If plaintiff fails to do so by August 29, I will direct the clerk of court to enter judgment in favor of defendants and close the case.

## ORDER

IT IS ORDERED that plaintiff Edwin LaMange's complaint is DISMISSED for failure to comply with Fed. R. Civ. P. 8.  Plaintiff may have until August 29, 2013 to submit an amended complaint.  If plaintiff fails to do so by August 29, I will direct the clerk of court to enter judgment in favor of defendants and close the case.

Entered this 16th day of August, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge